May 1st, 1905.

———o———

## No. 3653.

### (Court of Appeal, Parish of Orleans.)

## FIDELITY AND DEPOSIT COMPANY OF MARYLAND vs. DR. M. V. RICHARD.

Appeal from Civil District Court, Divisions "E" and "A."

P. M. Milner, for Plaintiff and Appellant.

K. V. Richard, for Defendant and Appellee.

A stipulation in the contract between the principal and the surety on the official bond of the former, to the effect that the principal on the official bond "shall pay to his surety all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature, which the surety shall or may for any cause and at any time sustain, or incur or be put to; for or by reason of or in consequence of having entered into and executed the bond as surety," contemplates that recovery thereunder is dependent upon some act done by the principal in his official capacity by reason of which the surety is sued and subjected to the costs, etc.; and not to expenses incurred in a suit in which no act of omission or commission is charged against the public official as suit, and in which suit no cause of action existed against the surety; and where, on filing a plea to that effect, the suit is at once dismissed as to the surety.

MOORE, J. Defendant was the former Coroner of the Parish

293

of Orleans, and the plaintiff company was the surety on his official bond, having become such under a written contract, which *inter alia,* stipulates that "any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature which said Company shall or may, for any cause, at any time, sustain, or incur, or be put to, for or by reason or in consequence of said Company having entered into or executed said bond," shall be paid to said Company by the principal, (the defendant here) on the said bond.

Pending his tenure of office as Coroner, the defendant was sued by Mrs. C. D. Brocard for a large sum, sounding in damages for trespass on her property, insult and abuse, etc., alleged to have been done by said Coroner, and the surety of his bond, the plaintiff here, was made a co-defendant in said cause.

On the face of the petition in that case the charges made were so manifestly declaratory of unlawful acts, personal in their character and wholly disconnected with the defendant's official capacity as Coroner, that on the Surety Company filing the exception of no cause of action the suit was at once dismissed as to it; this judgment having now the force of the thing adjudged.

In its defence of this suit the Surety Company incurred an expense of $150.30, being for attorney's fees.and costs of Court paid, and it is this amount which, by the present suit, it seeks to recoup of its principal on the bond.

It is contended by the plaintiff that under the terms of the contract, *supra,* it may recover this amount, notwithstanding the fact that the suit in which the expense was incurred was not one based on any breach of duty on the part of the public officer, and although,, therefore, on the face of the petition there was no basis for a suit against the surety.

We do not so interpret the contract.

However sweeping may be its terms, it is none the less mani-

fest that the contract contemplated that defendant's liability to plaintiff, because of said bond, would be dependent on some act done by him as coroner, by reason of which the plaintiff company would be sued and subjected to costs, etc., as his surety.

As said by our esteemed brother of the lower Court in his written opinion herein: "The bond was given, under the contract sued on, with reference to plaintiff's suretyship on defendant's official bond as Coroner. The recouptment contemplated by the contract was evidently for such costs and fees as plaintiff, defendant's surety, should receive by reason of any breach of his official duty, and it is *res adjudicata* that no such breach was alleged in the Brocard suit, otherwise the exception of no cause of action of the surety would not have been sustained."

In a similar case reported in 1 Hem. (N. Y.), p. 643; Home Insurance Company, 25 Watson, the Court said:

"But the conditions are not only to indemnify against any claims of Campbell, but against all costs, damages, and expenses, which the plaintiff might suffer by reason of his claim. This is to be construed in common with the principal object of the indemnity, which was the claim itself. Where that is shown not to have existed at all, damages and expenses cannot be said to have arisen because of any just and lawful claim, but because of the false assertion of one."

The judgment rejecting plaintiff's demand is not error, and it is therefore affirmed.